UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Natosha Dunston,

Plaintiff,

vs.

K Four Realty LLC and Yolotl Corp,

Defendants.

**COMPLAINT**

Plaintiff, NATOSHA DUNSTON (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, K FOUR REALTY LLC and YOLOTL CORP (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

**PARTIES**

**3.** Plaintiff, NATOSHA DUNSTON, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff is a left above-the-knee amputee, uses a wheelchair for mobility purposes, and is a qualified individual under the ADA.

**4.** Defendant, K FOUR REALTY LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, K FOUR REALTY LLC, is the owner of the subject property located at 494 4th Avenue, Brooklyn, NY 11215 (hereinafter, the "Subject Premises").

**5.** Defendant, YOLOTL CORP, is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "ALMA NEGRA" located at the Subject Premises.

**6.** According to the New York State Liquor Authority, the Defendant, YOLOTL CORP, d/b/a "ALMA NEGRA," was issued an On Premises Liquor license on February 28, 2025 for the Subject Premises.

**7.** ALMA NEGRA is a restaurant and bar offering food and beverage items, including alcoholic beverages, to members of the general public in a dine-in and social setting. The establishment provides customers with the ability to enter the premises, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining and socializing. The Plaintiff appreciates the food and beverage offerings and atmosphere provided at ALMA NEGRA. However, despite the Plaintiff's interest in patronizing the establishment, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**8.** On or about May 2026, and again on or about July 12, 2026, Plaintiff, in her individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled her to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property

was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding concrete step hindering any wheeled ambulation or safe entry of her motorized wheelchair, and thus prevented full and equal access and enjoyment to the public accommodation.

**9.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

**10.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**11.** ALMA NEGRA is a restaurant and bar to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, she would visit the restaurant more than a half dozen times a year for lunches and dinners; considering how appetizing and distinctive such unique dishes are, when traversing a neighborhood she frequents multiple times a month.

**12.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to 494 4th Avenue, Brooklyn, NY 11215 the ADA violations described herein.

**13.** On or about May 2026, and again on or about July 12, 2026, Plaintiff attempted to

access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**14.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**15.** Plaintiff restates Paragraphs 1-14 as though fully set forth herein.

**16.** Defendants, K FOUR REALTY LLC and YOLOTL CORP, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**17.** K FOUR REALTY LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**18.** YOLOTL CORP, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**19.** Plaintiff personally encountered architectural barriers at the Subject Premises that deterred Plaintiff from entering and accessing the interior of the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting

the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**20.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**<u>Entrances</u>**

**i. Inaccessible Entrances**
The main and secondary entrances are inaccessible because existing steps at the entrances act as barriers to accessibility and required ramps are not provided, preventing Plaintiff and other wheelchair users from accessing and entering the establishment. This is a violation of ADAAG §§206, 206.1, 206.2.1, 206.4, 207, 303.4, 402, and 403.4. Providing compliant accessible entrances is readily achievable.

**ii. Non-Compliant Maneuvering Clearance at Entrances**
The main and secondary entrances are inaccessible because the required minimum maneuvering clearance is not provided at the entrance doors and non-compliant changes in floor level exist within the required maneuvering clearances, preventing Plaintiff and other wheelchair users from independently accessing and utilizing the entrance doors. This is a violation of ADAAG §§206, 206.4, 404.2.4, and 404.2.4.4. Providing compliant maneuvering clearances is readily achievable.

<u>**Covered Exterior Sidewalk Dining Area**</u>

**iii. Inaccessible Route to Exterior Dining Area**

The covered exterior sidewalk dining area is inaccessible because an accessible route is not provided, an existing step along the path of travel acts as a barrier to accessibility, and a required ramp is not provided, preventing Plaintiff and other wheelchair users from accessing and utilizing the exterior dining area. This is a violation of ADAAG §§206, 206.1, 206.2.5, 303.4, 402, and 403.4. Providing a compliant accessible route is readily achievable.

<u>**Dining Areas**</u>

**iv. Inaccessible Dining Tables**

The dining tables located in the covered exterior sidewalk dining area and the interior dining area are inaccessible because the required minimum knee and toe clearance is not provided and the required minimum percentage of accessible dining tables is not provided, preventing Plaintiff and other wheelchair users from utilizing the dining tables. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 306.2, and 306.3. Providing compliant accessible dining tables is readily achievable.

**v. Non-Compliant Seating Bench**

The seating bench is inaccessible because the required back support is not provided, preventing Plaintiff and other individuals with disabilities from safely utilizing the bench. This is a violation of ADAAG §§903, 903.1, and 903.4. Providing compliant back support at the seating bench is readily achievable.

**vi. Inaccessible Bar**

The bar is inaccessible because the bar height exceeds the maximum allowable height, the required minimum knee and toe clearance is not provided, and the required accessible portion of the bar is not provided, preventing Plaintiff and other wheelchair users from utilizing the bar. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, and 306.3. Providing a compliant accessible portion of the bar is readily achievable.

<u>**Restrooms**</u>

**vii. Restroom Identification Signage Not Provided**

Compliant signage identifying the two restrooms is not provided as required, preventing Plaintiff and other individuals with disabilities from independently identifying and locating the restrooms. This is a violation of ADAAG §§216, 216.1, 216.2, 703.1, 703.4.1, and 703.4.2. Providing compliant restroom identification signage is readily achievable.

**viii. Inaccessible Restroom Entrances**

The entrances to the two restrooms are inaccessible because the required minimum clear width and maneuvering clearance are not provided at the restroom doors and the restroom doors swing into the required clear floor space of restroom fixtures, preventing Plaintiff and other wheelchair users from safely accessing and utilizing the restrooms. This is a

violation of ADAAG §§206, 402, 404.2.3, 404.2.4, and 603.2.3. Providing compliant restroom entrances is readily achievable.

**ix. Insufficient Turning Space**
The two restrooms are inaccessible because the required minimum turning space is not provided, preventing Plaintiff and other wheelchair users from maneuvering within and utilizing the restrooms. This is a violation of ADAAG §§603.2.1 and 304.3.1. Providing compliant turning space is readily achievable.

**x. Inaccessible Lavatories**
The lavatories in the two restrooms are inaccessible because the required minimum clear floor space and required minimum knee and toe clearance are not provided, preventing Plaintiff and other wheelchair users from approaching and utilizing the lavatories. This is a violation of ADAAG §§305.3, 306.2, 306.3, and 606.2. Providing compliant lavatories is readily achievable.

**xi. Inaccessible Mirrors**
The mirror in the first restroom and the two mirrors in the second restroom are inaccessible because the bottom edges of the reflecting surfaces exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the mirrors. This is a violation of ADAAG §603.3. Providing compliant mirrors is readily achievable.

**xii. Inaccessible Water Closets**
The water closets in the two restrooms are inaccessible because the required minimum clearances are not provided, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closets. This is a violation of ADAAG §§604.3 and 604.3.1. Providing compliant water closet clearances is readily achievable.

**xiii. Non-Compliant Grab Bars**
The grab bars serving the water closets in the two restrooms are inaccessible because the required rear and side wall grab bars are not provided in the first restroom and the existing rear and side wall grab bars in the second restroom do not provide the required minimum lengths, preventing Plaintiff and other wheelchair users from safely transferring to and utilizing the water closets. This is a violation of ADAAG §§604.5, 604.5.1, 604.5.2, and 609. Providing compliant grab bars is readily achievable.

**xiv. Exposed Pipes Under Lavatory in First Restroom**
Insulation of the pipes and water lines beneath the lavatory in the first restroom is not provided, creating a risk of injury to Plaintiff and other individuals with disabilities. This is a violation of ADAAG §606.5. Insulating the exposed pipes is readily achievable.

**xv. Inaccessible Coat Hook in First Restroom**
The coat hook in the first restroom is inaccessible because its mounted height exceeds the maximum allowable reach range, preventing Plaintiff and other wheelchair users from independently utilizing the coat hook. This is a violation of ADAAG §§604.8.3 and 308. Providing a compliant coat hook is readily achievable.

**xvi. Toilet Paper Dispenser Not in a Compliant Location in Second Restroom** The toilet paper dispenser in the second restroom is not installed in the required location adjacent to the water closet, preventing Plaintiff and other wheelchair users from independently utilizing the dispenser. This is a violation of ADAAG §604.7. Relocating the toilet paper dispenser is readily achievable.

**21.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**22.** Plaintiff, in her capacity, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**23.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**24.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

**25.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**26.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**27.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com